IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DONALD RAY MOFFATT, #725270 | § | |
| VS. | § | CIVIL ACTION NO. 6:04cv515 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Judith K. Guthrie, who issued a Report and Recommendation concluding that the petition for a writ of habeas corpus concerning prison disciplinary cases should be dismissed as a "mixed petition" since the Petitioner did not exhaust his administrative remedies with respect to all of his claims. Both parties have filed objections.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections lack merit.

The Court notes that the record is clear that the Petitioner did not exhaust his administrative remedies with respect to all of his claims. He must exhaust his administrative remedies in order to obtain federal habeas corpus relief regarding his disciplinary cases. *See Gartrell v. Gaylor*, 981 F.2d 254, 258 n.3 (5th Cir. 1993); *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978), *cert. denied*, 448 U.S. 848 (1979). A petition which contains both exhausted and unexhausted claims is called a "mixed petition," and historically federal courts have dismissed the entire petition for failure to exhaust. *Galtieri v. Wainwright*, 582 F.2d 348, 355 (5th Cir. 1978) (*en banc*).

The Director argued both in his answer and in his objections that the unexhausted grounds for relief should be dismissed with prejudice as procedurally barred under the federal procedural

default doctrine. Citing *Coleman v. Thompson*, 501 U.S. 722, 735 (1991), he argued that the general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply when a petitioner fails to exhaust his state remedies. He argued that the federal procedural default doctrine precludes federal habeas corpus review. *Id.* A review of *Coleman* reveals, however, that the Supreme Court specified that the "rule does not apply if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1. The discussion in *Coleman* did not concern exhaustion of administrative remedies regarding prison disciplinary proceedings. Moreover, since an inmate in Texas does not have to exhaust state court remedies because the Texas Court of Criminal Appeals will not consider prison disciplinary cases, the issue of what a court would do at this juncture if additional issues were brought to its attention is not a concern. The caveat in *Coleman* does not apply. Moreover, the Director's argument that grievances will not be considered at this late date is disingenuous. The prison system has routinely accepted and considered grievances filed beyond the normal time line when this Court has required an inmate to exhaust his administrative remedies. The dispositive factor is that the Director has not shown that the Texas courts nor the prison system has regularly and strictly applied an abuse-of-the-grievance procedures type of doctrine to trigger a procedural bar regarding prison disciplinary cases. *See Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.), *cert. denied*, 515 U.S. 1153 (1995). The procedural bar does not apply in the absence of such a showing. *Id.* The Court would add that the Director has likewise failed to cite any decisions by the Fifth Circuit where the procedural default doctrine was applied in the context of prison disciplinary proceedings. Due to the absence of such a showing, the Court must conclude that the procedural default doctrine does not apply in the context disciplinary proceedings. The Director's objections lack merit.

Similarly, the Petitioner's complaint that the prison system will not consider his grievances at this late date lacks merit in that the prison system has routinely accepted grievances filed beyond the normal deadline when this Court has required it. The Petitioner should attach a copy of this

Order to his grievances to notify the prison system's grievance officials that he is being required to exhaust his administrative remedies. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** without prejudice. All motions by either party not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 5th day of August, 2005.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**