IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DONALD RAY MOFFATT, #725270 | § | |
| VS. | § | CIVIL ACTION NO. 6:04cv515 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Petitioner Donald Ray Moffatt, an inmate confined at the Michael Unit of the Texas prison system, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging prison disciplinary proceedings. A review of the petition and state records revealed that the Petitioner exhausted his administrative remedies with respect to only a portion of his grounds for relief. On August 8, 2005, the Court concluded that the petition was a "mixed petition" and dismissed the entire petition without prejudice for failure to exhaust administrative remedies. *See Galtieri v. Wainwright*, 582 F.2d 348, 355 (5th Cir. 1978) (*en banc*).

Motion to Alter or Amend Judgment

On August 22, 2005, the Director filed a motion to alter or amend the judgment. He argued that the unexhausted claims should have been dismissed with prejudice as procedurally barred and that the remaining claims should have been denied on the merits. In support of the argument, he noted that the Department recently adopted a policy prohibiting inmates from filing grievances about disciplinary claims beyond the time allowed by Department. The policy went into effect on January 28, 2005. The policy further provided that the Department would no longer review unexhausted claims beyond the deadline even when a court order required an inmate to exhaust his claims. The Director asserted that the policy was changed when it no longer made sense for the Department to continue to permit inmates to exhaust their grievances in an untimely manner. The Director attached a copy of both the previous policy and the new policy. He also attached an affidavit from Brian K.

1

Clendennen, the Administrator of the Offender Grievance Program, who specified that the new policy has been strictly enforced since its adoption on January 28, 2005. He noted that the "requirement for exhaustion within grievance time limits prevents offenders from circumventing the grievance process and placing an undue burden on the courts, while affording TDCJ the opportunity to identify and address issues as soon as possible." He further noted that the only exception to the rule would be for fundamental fairness, such as an incapacity preventing an inmate from timely submitting a grievance. The Director argued that the change in policy makes the federal procedural default doctrine of *Coleman v. Thompson*, 501 U.S. 722, 735 (1991), applicable to unexhausted disciplinary claims.

## Discussion and Analysis

A state prisoner must exhaust all available state remedies before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b) & (c). Texas state courts will not entertain habeas corpus challenges to a prison disciplinary proceeding. *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988); *Ex parte Brager*, 704 S.W.2d 46 (Tex. Crim. App. 1986). Thus the Petitioner was not required to pursue habeas corpus relief in state court before filing a petition for a writ of habeas corpus in federal court concerning the disciplinary cases. However, he was required to exhaust the prison grievance procedures before proceeding to federal court. *See Gartrell v. Gaylor*, 981 F.2d 254, 258 n.3 (5th Cir. 1993); *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978), *cert. denied*, 448 U.S. 848 (1979).

A review of the grievance records in the present case reveal that the Petitioner did not exhaust all of his claims with respect to any of his disciplinary cases. When a habeas petition includes claims that have been exhausted along with claims that have not been exhausted, it is called a "mixed petition," and federal courts in Texas have historically dismissed the entire petition for failure to exhaust. *Galtieri v. Wainwright*, 582 F.2d at 355. The present petition is a "mixed petition" and thus it was dismissed in its entirety.

The Director argued, however, that the unexhausted claims should have been dismissed as procedurally defaulted. The Supreme Court discussed the usage of procedural defaults in habeas corpus cases in *Coleman v. Thompson*, *supra*. The general rule is that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." 501 U.S. at 735-36 (citations omitted). The Director correctly noted that the Supreme Court also provided for an exception to this rule:

> This rule does not apply if the petitioner failed to exhaust state remedies and the court to which the petitioner would be require to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.

*Id.* at 735 n.1.

The Fifth Circuit dealt with the issue of unexhausted claims brought by Texas inmates being procedurally barred in *Fearance v. Scott*, 56 F.3d 633 (5th Cir. 1995). *Fearance* concerned a challenge to a conviction. The Fifth Circuit noted that the Texas Court of Criminal Appeals historically had not regularly and strictly applied abuse of writ rules. *Id.* at 642. However, in *Ex parte Barber*, 879 S.W.2d 889, 892 n.1 (Tex. Crim. App. 1994), *cert. denied*, 513 U.S. 1084 (1995), the Texas Court of Criminal Appeals announced it would as a "rule" dismiss as an abuse of the writ "an applicant for a subsequent writ of habeas corpus rais[ing] issues that existed at the time of his first writ." The Fifth Circuit concluded that the dismissal of Texas habeas petitions as an abuse of the writ should create a procedural bar under the *Coleman* standard. 56 F.3d at 642. In such cases, a petitioner must show "cause" and "prejudice" in order to have his claim considered. *Id.*

The Court notes that *Coleman* and *Fearance* involved procedural bars in the context of petitions for a writ of habeas corpus challenging convictions. The Director desires to extend the applicability of the procedural bar to habeas cases involving prison disciplinary cases. He argued that "unexhausted disciplinary claims are procedurally barred from federal habeas corpus review because they cannot be reviewed in the prison grievance process since they would be untimely filed and, therefore, procedurally defaulted." He further argued that the procedural default doctrine of

*Coleman v. Thompson* should extend to unexhausted disciplinary claims. He did not cite any cases where the Fifth Circuit accepted the argument, and this Court could not find any cases where the Fifth Circuit dealt with the procedural default argument in the context of prison disciplinary cases. On the other hand, the Court has found two unpublished cases where the Northern District of Texas accepted the argument: *Spann v. Dretke*, No. 3:03-CV-2849-D, 2005 WL 1406044 (N.D. Tex. June 15, 2005); *Jones v. Dretke*, No. 3:03-CV-1638-M, 2004 WL 1348596 (N.D. Tex. June 16, 2004).

A review of decisions by other circuits reveals that the Seventh Circuit accepted similar arguments in *Moffat v. Broyles*, 288 F.3d 978 (7th Cir. 2002). Like Texas, the State of Indiana does not provide judicial review of decisions by prison administrative bodies. *Id.* at 981. The Seventh Circuit concluded that the final reviewing authority in the prison grievance process was the administrative equivalent to the state's highest court. *Id.* at 982. The Seventh Circuit held that any unexhausted claims brought by an inmate in a petition for a writ of habeas corpus would be procedurally defaulted in the absence of a showing of cause and prejudice. *Id.* The Seventh Circuit noted that adoption of the procedural default doctrine in the context of prison disciplinary proceedings would give the prison system the first opportunity to fix flaws and would often eliminate the need for federal review. *Id.* It would also lessen the likelihood of deliberate bypass. *Id.*

The Court finds the reasoning of the Seventh Circuit persuasive. Furthermore, in light of the new policy of the prison system to regularly and strictly enforce the policy of no late grievances, the Fifth Circuit requirement in *Fearance* that a procedural default must be regularly and strictly applied is satisfied. The procedural default doctrine of *Coleman v. Thompson* should apply.

The Court is of the opinion that the Director's motion to alter or amend the judgment is meritorious. Any claim that the Petitioner failed to bring in both his Step 1 and Step 2 grievances is procedurally barred in the absence of a showing of cause and prejudice. The Petitioner should be given the opportunity to satisfy the cause and prejudice standard. Magistrate Judge Guthrie should then review the petition, answer and any response the Petitioner may have in light of this Order. It is accordingly

**ORDERED** that the motion to alter or amend the judgment (docket entry #36) is **GRANTED**. It is further

**ORDERED** that the Order of Dismissal (docket entry #33) and Final Judgment (docket entry #34) are **WITHDRAWN**. It is finally

**ORDERED** that the Petitioner has ten days from the receipt of this Order to file a response satisfying the cause and prejudice standard in order to have his procedurally defaulted claims considered on the merits.

**So ORDERED and SIGNED this 30th day of August, 2005.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**